Fecteau, J.
This is a claim of medical malpractice by which the plaintiff complains, inter alia, that his late wife, who was a patient in the emergency room on the date in question, went into severe physical distress and cardiac arrest at approximately 1:30 a.m., and alleges that there was improper monitoring of her and a failure of a timely response to her deteriorating condition. Although several of the nurses who were on duty during the time of her distress have been deposed, few apparently have been able to remember precisely where they were or who they were attending at critical times concerning the events in question.
On or about September 5, 2000, at a hearing concerning the plaintiffs motion to strike demand for a medical malpractice tribunal hearing for a newly-added defendant, the court made inquiiy of the parties concerning the pendency of any other issues that the parties wished to bring to the attention of the court. The parties raised the scope of an up-coming deposition of a spokesperson of U-Mass/Memorial Hospital, concerning the whereabouts of emergency room personnel during the critical hours leading up to the events complained of by the plaintiff herein. The court suggested to the parties that they propose a protocol to determine, through the number of patients being treated in the ward at that time and the time entries for those other patients, whether it would be possible and not unduly burdensome to compose a spreadsheet-like document to map the time entries of the nursing personnel in the emergency ward for the hour prior to the “code” being sounded for the plaintiffs decedent and, inferentially at least, their locations. At a subsequent hearing, the court learned that there were approximately 17 other people being treated on the emergency ward during the approximate one hour prior to the events in question.
The plaintiff has provided such a protocol and, although objecting to the principle of having to compose a document out of whole cloth, as well as giving the plaintiff information that another judge of this court had previously denied, and the privacy concerns of the other patients, the defendant/deponent has as well.
In consideration of the arguments of the parties, I deny the request of the plaintiff for such a document to be compiled and produced, as well as the underlying information, on the grounds that such a request, although presented in a different form, has already been denied by a judge of this court, is beyond the scope of Rules 26 and 34 of the Mass.R.Civ.Proc., and that the burden to the party from whom the document/information is being sought in the form of a deposition heavily outweighs the relevance, if any, of such a document and, likely even the underlying information from which the document would be composed. This is due to the fact that there would be no practical way to determine whether the times of the entries related to the times the nurses were attending to the patient or making the entry, whether some entries were made without corresponding times noted, the likely silence as to the length of time that the nurse was with the patient or whether any record exists as to the room location of each patient. To the extent that the deponent objects to the compiling and production of such a document and to the deponent having to review the medical records of other patients who were being treated during the same time as the plaintiffs decedent to prepare for testimony during a deposition concerning such a subject matter as discussed herein, the objection is sustained.